1  **BROWER LAW GROUP, APC**
   A Professional Corporation
2  Steven Brower (SBN 93568) [Pro Hac]
     *Steve@BrowerLawGroup.com*
3  100 Pacifica, Suite 160
   Irvine, California 92618
4  Telephone: (949) 668-0825

5  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| Greenberg Gross, LLP, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT PURSUANT TO THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))** |
| v. | |
| GreenbergGrossLLP.com, | |
| Defendant. | |

1. This is an *in rem* action asserted under the provisions of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), against the infringing internet domain name <GreenbergGrossLLP.com>.

2. This action is properly filed in this judicial district, pursuant to 15 U.S.C. § 1125(d)(2)(A), because the principal place of business for the registrar for the infringing internet domain name, Namecheap, Inc., is located in Phoenix, Arizona.

3. Plaintiff Greenberg Gross, LLP is a well known and well respected law firm with its principal place of business in Orange County, California. In addition to its principal office in Costa Mesa, California, the firm also has offices in Los Angeles, California, in New York, New York and in Las Vegas, Nevada. Plaintiff has been registered with the California Secretary of State since March 1, 2013. (A copy of the Certificate of Good Standing is attached hereto as Exhibit "A").

4.      The firm name includes the personal names of partners Alan <u>Greenberg</u> and Wayne <u>Gross</u>, each of whom has been an attorney licensed in the State of California (and various other states) for over 25 years.  Attorneys Greenberg and Gross were the founding partners of that law firm and they continue to practice with that law firm at the present time.

5.      Plaintiff has continuously maintained a website, providing information about the law firm, including, but not limited to, the biographies of the lawyers who are employed by the Plaintiff, at the domain name <ggtriallaw.com>.  That website also includes information about how to contact the law firm including a valid phone number which is answered by the law firm and a valid email address which is controlled by the law firm.  Over time Plaintiff's website has changed, although copies of the website as it existed at various points in time can be located in the Internet Archives.

6.      Plaintiff recently discovered that the infringing internet domain name had been created and was using an exact copy of certain webpages from the legitimate website, as they existed on Plaintiff's website at that time, except that they changed the contact information (the email address and the phone number) to false contact information which is now owned or controlled by Plaintiff.

7.      According to the Whois Record for the infringing website, a copy of which is attached hereto as Exhibit "B", the Registrar is Namecheap, Inc., a company that has its principal place of business in Phoenix, Arizona

8.      According to the Whois Record for the infringing website, the infringing domain name was created on July 31, 2024, more than 10 years after Greenberg Gross LLP became registered with the California Secretary of State.

9.      According to the Whois Record for the infringing website, the owner of the infringing domain is Diverse IP, Box 5601, Accra, Ghana.  Plaintiff is informed and believes, and thereby alleges, that such registration was made in a bad faith effort to confuse the public and to attempt to profit from the sale of the infringing domain

1  name to the Plaintiff, the only entity that would have any legitimate use for that
2  domain name.

3      10.    Plaintiff is not able to timely obtain *in personam* jurisdiction over
4  Diverse IP, or any other party known to Plaintiff who could have been a defendant in
5  a civil action under the ACPA, because all such parties are located in Ghana, requiring
6  service under applicable legal treaties and Plaintiff is informed and believes that the
7  Defendants may assert that they do not have requisite minimum contacts with the
8  District of Arizona.  Plaintiff has not yet, as of this date, made direct contact with
9  Diverse IP because of a concern that such contact might result in Diverse IP changing
10 the registrar for the infringing domain name to a registrar not located within the
11 United States.  Plaintiff will fully comply with any notice requirements set forth in
12 the law, or otherwise required by the Court, at the appropriate time.

## COUNT I

## Violation of Anti-Cybersquatting Consumer Protection Act

15     11.    Plaintiff incorporates herein by reference, as though set forth in full,
16 paragraphs 1 through 10, inclusive.

17     12.    The infringing domain name was registered in bad faith with the intent
18 to obtain a profit by confusion of the infringing domain name with the name of
19 Plaintiff.

20     13.    Plaintiff therefore seeks an order compelling the registrar, Namecheap,
21 Inc., to transfer the registration of the domain name to Plaintiff, pursuant to 15 U.S.C.
22 § 1125(d)(1)(C).  Further, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i)(II), upon service
23 of a file stamped copy of the Complaint, the Registrar is obligated to "not transfer,
24 suspend, or otherwise modify the domain name during the pendency of the action,
25 except upon order of the court."

## PRAYER

27     WHEREFORE, the Plaintiff prays as follows:

28

1. That the Court enter judgment in favor of the Plaintiff, and against the infringing domain name, and find that the registration of the infringing domain name was made in bad faith.

2. That the Court issue an Order requiring the registrar, Namecheap, Inc. to transfer the registration of the domain name <GreenbergGrossLLP> to the Plaintiff.

3. For such other and further relief as may be appropriate.

DATED: April 7, 2025     BROWER LAW GROUP, APC

By: _____
Steven Brower

Attorneys for Plaintiff Greenberg Gross, LLP