**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greenberg Gross LLP,<br><br>   Plaintiff,<br><br>v.<br><br>GreenbergGrossLLP.com,<br><br>   Defendant. | No. CV-25-01176-PHX-MTL<br><br>**ORDER** |

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Greenberg Gross LLP ("Plaintiff") moves for Default Judgment against the *in rem* Defendant <GreenbergGrossLLP.com> internet domain name ("Defendant" or the "Infringing Domain Name"). (Doc. 17.) Defendant has not responded. For the following reasons, the Court denies Plaintiff's Motion for Default Judgment ("Motion").[1]

**I.**

As the Clerk of Court has entered default (Doc. 15), the Court takes the Complaint's factual allegations as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Plaintiff is a law firm registered as a limited liability partnership with the California Secretary of State since 2013. (Doc. 6 ¶ 3.) Plaintiff maintains a website at the domain name <ggtriallaw.com> containing information regarding the law firm and the lawyers

---

[1] Molly Woodward, a third-year law student at the Sandra Day O'Connor College of Law at Arizona State University, assisted in drafting this Order.

employed by Plaintiff, as well as contact information for the firm. (*Id.* ¶ 5.)

The Infringing Domain Name was created on July 31, 2024, and registered the same year. (*Id.* ¶ 8; Doc. 17 at 1-2.) Defendant's webpage is "an exact copy of certain webpages" from Plaintiff's legitimate website apart from the contact information, which was changed to false contact information. (Doc. 6 ¶ 6.) The registrant listed for the Infringing Domain Name is Diverse IP, a company allegedly located in Accra, Ghana. (*Id.* ¶ 7, ¶ 9; Doc. 17 at 3; Doc. 16-2 at 2.) Plaintiff's Exhibit B to the Amended Complaint includes a mailing address and an e-mail address for Diverse IP. (Doc. 6-2 at 2.)

On April 8, 2025, Plaintiff brought this *in rem* proceeding under the Anti-Cybersquatting Consumer Protection Act ("ACPA") against Defendant. (Doc. 1.) On April 23, 2025, Plaintiff attempted service upon Defendant by personally serving Namecheap, Inc. (the "Registrar"), the registrar for the Infringing Domain Name, with the Summons and Amended Complaint. (Doc. 17 at 2, 3-4; Doc. 13.) Plaintiff asserts it is unable to obtain *in personam* jurisdiction over Diverse IP "because all parties are located in Ghana, requiring service under applicable legal treaties . . . ." (Doc. 6 ¶ 10.) Further, as of the date of the Amended Complaint, Plaintiff:

> has not yet . . . made direct contact with Diverse IP, for whom the only known contact information is a PO Box in Ghana, because of a concern that such contact might result in Diverse IP changing the registrar for the infringing domain name to a registrar not located within the United States.

(*Id.*)

Plaintiff did not receive a response from Defendant within the 21-day deadline and applied for entry of default on May 20, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). (Doc. 17 at 2; Doc. 14.) The Clerk of Court entered default on May 22, 2025. (Doc. 15.) Thereafter, on July 10, 2025, Plaintiff filed the instant Motion. (Doc. 17.) No response has been filed.

## II.

Once a default is entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (explaining that Rule 55 of the Federal

1 Rules of Civil Procedure requires a two-step process: an entry of default judgment must be preceded by an entry of default by the Clerk of the Court). As the party seeking default judgment, Plaintiff "bears the burden of demonstrating to the Court that the complaint is sufficient on its face . . . ." *Norris v. Shenzhen IVPS Tech. Co.*, No. CV-20-01212-PHX-DWL, 2021 WL 4844116, at *2 (D. Ariz. Oct. 18, 2021).

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). And "because a federal court lacks jurisdiction over a defendant unless he has been properly served, before determining whether to enter default judgment, the Court must first assess the adequacy of service of process on the party against whom default is requested." *HTS, Inc. v. Boley*, 954 F. Supp. 2d. 927, 937-38 (D. Ariz. 2013) (citation modified); *see also Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 2012) ("A person is not bound by a judgment in litigation to which he or she has not been made a party by service of process.").

Service of process in the present action is governed by 15 U.S.C. § 1125(d)(2)(A)(ii)(II). With the surrounding language provided for context, the governing statute states:

> (2)(A) The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if--
>
> (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c); and
>
> (ii) the court finds that the owner--
>
> (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
>
> *(II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by--*

- 3 -

> *(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and*
>
> *(bb) publishing notice of the action as the court may direct promptly after filing the action.*
>
> (B) The actions under subparagraph (A)(ii) shall constitute service of process.

15 U.S.C. §§ 1125(d)(2)(A)-(B) (emphasis added).[2]

Here, Plaintiff failed to effectuate service on Defendant. Plaintiff acknowledges Defendant's registrant is located in Ghana and admits, as of the date of the Amended Complaint, it "has not yet . . . made direct contract with [the registrant] because of a concern that such contact might result in [it] changing the registrar for the domain name to a registrar not located within the United States." (Doc. 6 ¶ 10.) Further, Plaintiff knows the mailing address and e-mail address for Defendant's registrant. (Doc. 6-2 at 2.)

Instead of sending notice to the registrant's known addresses and publishing notice as 15 U.S.C. § 1125(d)(2)(A)(ii)(II) requires, Plaintiff attempted service on Defendant by personally serving the Registrar with the Summons and Amended Complaint.[3] (*Id.*; Doc. 6 ¶ 10; Doc. 17 at 2, 3-4.) As Plaintiff provided notice only to the Registrar, forgoing any attempt to reach Defendant's *registrant* in Ghana, Plaintiff has not satisfied the requirements set forth under 15 U.S.C. § 1125(d)(2)(A)(ii)(II). (*See* Doc. 6 ¶ 10.) Given this lack of service, this Court lacks jurisdiction over Defendant and default judgment is improper. *See Tuli*, 172 F.3d at 712, *see also HTS, Inc.*, 954 F. Supp. 2d. at 937-38; *Mason*, 960 F.2d at 851.

---

[2] Federal Rule of Civil Procedure 4(n) provides a "court may assert jurisdiction over property if authorized by federal statute" and the claimants are given notice "as provided in the statute or by serving a summons under this rule." The ACPA, which authorizes a federal court's *in rem* jurisdiction over a domain name in a civil action brought under the ACPA, explicitly provides the means by which a plaintiff can effectuate service of process. *See* 15 U.S.C. §§ 1125(d)(2)(A)-(B).

[3] If Plaintiff seeks an alternative method to effectuate process, it may seek an order from the Court authorizing such alternative method. *See, e.g.*, *Media Trademark & Licensing Ltd. v. Coingeekltd.com*, No. CV-21-00214-PHX-DWL, 2021 WL 2895289 (D. Ariz. July 9, 2021) (discussing a plaintiff's *ex parte* motion for an order authorizing alternative service of process on a defendant domain name whose registrant was in the Philippines).

**IT IS THEREFORE ORDERED** that, for the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. 17), is **DENIED** without prejudice to refile after service has been effectuated. Plaintiff must serve Defendant no later than 60 days from the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk's entry of default (Doc. 15) against Defendant is **set aside**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall dismiss this matter without further notice if Plaintiff does not file a notice of service by **November 10, 2025.**

Dated this 8th day of September, 2025.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge