**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greenberg Gross LLP, | No. CV-25-01176-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| GreenbergGrossLLP.com, | |
| Defendant. | |

Before the Court is Plaintiff's *Ex Parte* Application for an Order Waiving Service by Publication and Directing Entry of Default (Doc. 25). Plaintiff requests an order from the Court waiving the publication requirement imposed by 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb). (*Id.*) Plaintiff also asks the Court to direct the Clerk of Court to enter default as to *in rem* Defendant <GreenbergGrossLLP.com> domain name. (*Id.*)

**I.**

Plaintiff must "publish[] notice of the action as the court may direct." 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb). The statutory text is "permissive" and "grants the Court discretion to waive publication." *Ent. USA Inc. v. Baldinsky*, 641 F. Supp. 3d 794, 799-800 (D. Ariz. 2022). In *Baldinsky*, the court found:

> Where . . . [a] registrant of a domain name has concealed his or her identity by registering the domain name under a fictitious name and has made himself or herself impossible to find by listing an inaccurate postal address and phone number, and possibly an inaccurate email address as well, and there is no

way to know the city or even the country in which he or she might reside, there is simply no manner of publication that reasonably could be expected to reach the registrant. Impossibility is reason enough for the Court to decline to direct publication.

*Id.* at 800-01.

## II.

The present case presents similar circumstances to *Baldinsky*. Here, the registrants, across three different countries, have concealed their identities. The Court therefore adopts the same finding as the *Baldinsky* court. That is, effective notice by publication is impossible. The Court will waive the publication requirement under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).

The Court also finds that, based on Plaintiff's diligent efforts to provide notice to the registrants via mail and email (Doc. 25 at 7-8), Plaintiff has satisfied 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa). Because Plaintiff has complied with the service provisions of the Anti-Cybersquatting Consumer Protection Act, the Court will direct the Clerk of Clerk to enter default as to the Defendant domain name.

## III.

**IT IS ORDERED** that Plaintiff's application (Doc. 25) is **GRANTED**. The Court waives the requirement in 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), so Plaintiff need not effectuate service via publication.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter default as to *in rem* Defendant <GreenbergGrossLLP.com> domain name.

**IT IS FINALLY ORDERED** that Plaintiff's *Ex Parte* Motion for Extension of Time to Effectuate Service of Process (Doc. 27) is **DENIED** as moot.

Dated this 12th day of February, 2026.

Michael T. Liburdi
United States District Judge